**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| **Black Diamond Credit Strategies Master Fund Ltd et al.,** | **Case No. 1:26-cv-01224** |
| **Plaintiffs,** | |
| **-vs-** | **JUDGE PAMELA A. BARKER** |
| **BDO USA P.C.,** | |
| **Defendant.** | **MEMORANDUM OPINION & ORDER** |

Currently pending before the Court are the parties' proposed Stipulated Protective Order, proposed Joint Order under Federal Rule of Evidence 502(d), and their Second Joint Motion to Extend Deadlines for Jurisdictional Discovery. (Doc. Nos. 25-27.) For the following reasons, the Court rejects the parties' proposed Stipulated Protective Order and proposed Joint Order under Federal Rule of Evidence 502(d) but grants their Second Joint Motion to Extend Deadlines for Jurisdictional Discovery. If they choose, the parties may resubmit a proposed Stipulated Protective Order and Joint Order under Federal Rule of Evidence 502(d) that conforms to this Order.

## I. Background

On July 6, 2026, Plaintiffs Black Diamond Credit Strategies Master Fund Ltd., BDCM Opportunity Fund VI, LP, Black Diamond Commercial Finance L.L.C., Black Diamond CLO 2016-1 Ltd., Black Diamond CLO 2017-2 Designated Activity Company, Black Diamond CLO 2019-1 Designated Activity Company, Black Diamond CLO 2019-2 Designated Activity Company, Black Diamond CLO 2021-1 Ltd., Black Diamond CLO 2022-1 Ltd., Black Diamond CLO 2024-1 Ltd., Black Diamond CLO 2025-1 Ltd., and Black Diamond CLO 2025-2 Ltd. ("Plaintiffs") filed their

Motion to Remand, wherein they argue that this Court lacks subject matter jurisdiction over the action because complete diversity does not exist between the parties. (Doc. No. 17.) They allege that diversity does not exist because Defendant BDO USA, P.C. ("Defendant") is a citizen of Illinois and Virginia and Plaintiff BDCM Opportunity Fund VI, LP ("Fund VI") is a limited partnership that has at least one partner that is an individual who is a citizen of Virginia or at least one partner that is an individual who is a citizen of Illinois. (*Id.*) On July 16, 2026, Defendant filed a Brief in Opposition to Plaintiffs' Motion for Remand. (Doc. No. 18.)

In their Brief in Opposition to Plaintiffs' Motion to Remand, Defendant requests that this Court, at a minimum, require Plaintiffs "to provide even a modicum of support for their representation about the citizenship of this singular entity's supposed individual partners whether through an affidavit or corporate documentation." (*Id.*, Page ID# 212.) On July 28, 2026, this Court ordered Plaintiffs to provide an affidavit and any documentation to demonstrate that the citizenship of Fund VI is a limited partnership that has at least one partner that is an individual who is a citizen of Virginia or at least one partner that is an individual who is a citizen of Illinois by August 4, 2026. *See* Non-Doc. dated July 28, 2026. Later that day, Plaintiffs filed a Reply in support of their Motion to Remand. (Doc. No. 19.)

Then, on August 4, 2026, in response to this Court's July 28th Order, Plaintiffs filed a Declaration of Mitchell Goldfarb as well as a Corrected Corporate Disclosure Statement. (Doc. Nos. 20, 21.) Therein, Mr. Goldfarb averred that he was "informed by representatives of a limited partnership that is a limited partner of Fund VI (the 'Investor') and believe[s], that such Investor has (a) at least one partner that is an individual who is a citizen of Virginia and (b) at least one partner that is an individual who is a citizen of Illinois." (Doc. No. 20, ¶ 6.) Plaintiffs also filed the Corrected

Corporate Disclosure Statement that, at paragraph 3.b.iii. reads as follows: "[a]fter due investigation, and upon information and belief, at least one of the limited partners of [Fund VI] is a limited partnership that has (a) at least one partner that is an individual who is a citizen of Virginia and (b) at least one partner that is an individual who is a citizen of Illinois." (Doc. No. 21, PageID# 246.) After reviewing these filings, the Court directed Defendant to submit a notice to the Court indicating whether it was satisfied that diversity jurisdiction does not exist based upon Mr. Goldfarb's Declaration and the Corrected Corporate Disclosure Statement. *See* Non-Doc. dated Aug. 4, 2026. Defendant responded to the Court's August 4th Order that Plaintiffs' filings did not provide a basis to conclude that diversity jurisdiction exists. (Doc. No. 22.)

On August 12, 2026, this Court issued a non-document order where it found that jurisdictional discovery was needed. *See* Non-Doc. dated Aug. 12, 2026 (citing *Cooper v. Glen Oaks Healthcare LLC*, 2023 WL 165961, *1 (6th Cir. Jan. 12, 2023) ("District courts have discretion to decide whether jurisdictional discovery is needed.") (citing *Hohman v. Eadie*, 894 F.3d 776, 781 (6th Cir. 2018)). Thus, it held in relevant part that:

> [W]ithin fourteen (14) days of the date of this order, Defendant is permitted to serve no more than ten (10) interrogatories and ten (10) requests for production of documents upon Plaintiffs regarding the citizenship of Fund VI and its partners. Plaintiffs will then have fourteen (14) days from the date of service of written discovery upon them to respond. Within fourteen (14) days of receipt of Plaintiffs' responses to discovery, Defendant is permitted to take two depositions. Within fourteen (14) days of the completion of those depositions, the parties must file a supplement to their briefing regarding remand/jurisdiction consisting of no more than five (5) pages.

*Id*. On September 8, 2026, the parties filed their Joint Motion for Extension of Jurisdictional Discovery Deadlines. (Doc. No. 23.) The Court granted the request and reset the following deadlines: "Plaintiffs' responses to Defendants interrogatories and requests for production of documents are due

on or before 9/22/2026; depositions are to be completed on or before 10/6/2026; and supplemental briefing (limited to five pages per side) regarding remand/jurisdiction is due on or before 10/20/2026." (Doc. No. 24.)

On September 22, 2026, the parties filed a proposed Stipulated Protective Order (Doc. No. 25) on the docket and emailed to Chambers a redlined Word version of a proposed joint stipulated protective order showing the differences between the proposed order and the form protective order set forth in Appendix L of the local rules and a letter explaining those changes. That same day, the parties also filed their proposed Joint Order under Federal Rule of Evidence 502(d), and their Second Joint Motion to Extend Deadlines for Jurisdictional Discovery on the docket. (Doc. Nos. 26, 27.)

## II. Analysis

### A. Proposed Stipulated Protective Order

In paragraph 1, the parties propose adding the following sentences, which are not included in Appendix L:

> All documents produced in this action shall be used solely in and for the purpose of this action and for no other purpose or action. All documents produced for the purpose of jurisdictional discovery in this Court shall be used solely in this Court and for the purpose of jurisdictional discovery.

(Doc. No. 25, ¶ 1, PageID# 260.) In their letter addressed to this Court, the parties explain this change as follows:

> In light of the uncertain outcome of jurisdictional discovery, we have added provisions confirming that documents produced in this action shall be used solely for this action (and thus, not in state court, should the case be remanded) and that documents produced in jurisdictional discovery shall be used solely for jurisdictional discovery and not for this action, should it remain in this Court. These restrictions are intended to deal with the possibility that the parties may litigate in another forum, in which case discovery produced in this Court should not be used, and also to prevent Defendant from using outside of jurisdictional discovery in this

> Court documents produced by Plaintiffs that ordinarily would be irrelevant and/or not discoverable at all.

In other words, the parties ask that (1) this protective order prevent the protected documents from being used in a state court proceeding if the action is remanded and (2) disclosure of the protected documents be limited to the jurisdictional issue in this Court but not for any other purpose in this Court.

First, this Court will not impede on the sovereignty of a state court by restricting what documents might be discoverable in a state court proceeding. *See Atl. Coast Line R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 287 (1970) ("Proceedings in state courts should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts and ultimately this Court."). The parties have not provided any support for the proposition that this Court possesses the authority to restrict what might be discoverable in state court. If this action is remanded, the parties may seek appropriate relief in the state court.

Second, the parties have not shown good cause as to why this Court should limit disclosure of this information to jurisdictional discovery. Rule 26(c) of the Federal Rules of Civil Procedure permits courts to issue protective orders which restrict the scope of disclosure provided good cause is shown. However, here, the parties have not shown that good cause exists in support of this revision. If the parties have additional case law which would support this proposition, they should provide it.

In paragraph 6, the parties propose deleting the following: "Any and all documents that may have been subject to sealing during discovery or motion practice will not enjoy a protected or confidential designation if the matter comes on for hearing, argument, or trial in the courtroom. The hearing, argument, or trial will be public in all respects." In the letter addressed to this Court, the

parties explain "[w]e have deleted the sentences about the handling of sealed documents at hearing, argument or trial, because this is dealt with in greater detail in Paragraph 10." In paragraph 10, they added "of this action" four-times, explaining that "[l]anguage also has been added to Paragraph 10 to clarify that it applies only to a trial in *this* Court." Although this Court accepts the parties' deletion in paragraph 6, it rejects the parties' addition of "in this action" throughout paragraph 10. For the same reasons as set forth above, these changes are unsupported by good cause and thus this Court rejects them.

This Court does not approve the parties' proposed Stipulated Protective Order. If the parties choose, they may resubmit a proposed Stipulated Protective Order consistent with this Order or submit additional bases or argument in support of their proposed changes to Appendix L.

**B. Proposed Joint Order Under Federal Rule of Evidence 502(d)**

This Court rejects the proposed Joint Order under Federal Rule of Evidence 502(d) because it lacks the authority to enter a Rule 502(d) order that would authorize the parties to make intentional disclosures without waiving privilege. In paragraph 2, the parties propose that:

> Except as set forth herein, in accordance with Federal Rule of Evidence 502(d), any such production or disclosure of Privileged Material *whether inadvertent or otherwise*, shall not be deemed to waive—in this litigation or in any other federal, state, or other proceeding—the privileges and protections described in Paragraph 1, which would otherwise attach to the disclosed

(Doc. No. 26, ¶ 2, PageID# 276) (emphasis added). Paragraph 2 is extremely broad (applying to any production of allegedly privileged/work product materials "whether inadvertent or otherwise"). Paragraph 5 employs similarly overbroad language. Therein, the parties propose that "this Order shall govern assertions of privileges and protections in this matter, *regardless of the time or circumstances that give rise to the asserted privilege or protection*." (*Id*., ¶5, PageID# 276) (emphasis added). The parties cite no authority in support of such broad provision. In the absence

of any meaningful argument or authority to the contrary, the Court rejects the proposed Joint Order under Federal Rule of Evidence 502(d) as both overly broad and inappropriate.

The parties should note that any Order issued under Federal Rule of Evidence 502(d) must expressly state that it applies only to inadvertent (and not intentional) disclosures. *See, e.g., Lubrizol Corp. v. IBM Corp*., 2024 WL 941686, at *3-4 (N.D. Ohio Feb. 8. 2024) ("I remain unconvinced that I have the authority to enter a Rule 502(d) [Order] that preemptively authorizes IBM to make intentional disclosures without waiving the privilege"); *Abington Emerson Capital LLC v. Landash Corp*., 2019 WL 3521649, at *3 (S.D. Ohio Aug. 2, 2019) (declining to enter Rule 502(d) order that was not expressly limited to inadvertent disclosures); *Kentucky ex rel. Beshear v. Marathon Petroleum Co., LP*, 2017 WL 2272082, at *3 (W.D. Ky. May 24, 2017) ("Rule 502(d) protects parties who unintentionally disclose information protected by the attorney-client privilege or work-product protection.")[1] Thus, should the parties re-file their proposed Joint Order under Federal Rule of Evidence 502(d), they must explicitly state that the order applies only to inadvertent disclosures.

**C. Second Joint Motion to Extend Deadlines for Jurisdictional Discovery**

This Court grants the parties Second Joint Motion to Extend Deadlines for Jurisdictional Discovery (Doc. No. 27) and resets the deadlines as follows. Plaintiffs' responses to Defendant's interrogatories and requests for production of documents are due by October 2, 2026; depositions are to be completed by October 16, 2026; and supplemental briefing (limited to five pages per side) regarding remand/jurisdiction is by October 30, 2026.

[1] *See also Smith v. Best Buy Stores*, 2017 WL 3484158 (D. Idaho Aug. 14, 2017); *Nielsen Co. (U.S.) L.L.C. v. HyphaMetrics, Inc.,* 2023 WL 3569362, at * 2 (D. Del. May 19, 2023.)

## III. Conclusion

For the following reasons, the Court rejects the parties' proposed Stipulated Protective Order (Doc. No. 25) and proposed Joint Order under Federal Rule of Evidence 502(d) (Doc. No. 26) but grants their Second Joint Motion to Extend Deadlines for Jurisdictional Discovery (Doc. No. 27). If they choose, the parties may resubmit a proposed Stipulated Protective Order and Joint Order under Federal Rule of Evidence 502(d) that conforms to this Order.

**IT IS SO ORDERED.**

*s/Pamela A. Barker*
PAMELA A. BARKER
U.S. DISTRICT JUDGE

Date: September 29, 2026